*FILED IN CHAMBERS*
*THOMAS W. THRASH JR.*
*U. S. D. C. Atlanta*

*JUL 9 2010*

*JAMES N. HATTEN, Clerk*

*By Deputy Clerk*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLIE JAMES TERRELL, JR.,      :
Inmate No. 893844,              :       PRISONER CIVIL RIGHTS
    Plaintiff,            :       42 U.S.C. § 1983
                                     :
    v.                    :       CIVIL ACTION NO.
                                      :       1:10-CV-1843-TWT
ATLANTA JUDICIAL CIRCUIT;       :
et al.,                         :
    Defendants.           :

## ORDER AND OPINION

Plaintiff seeks leave to file the instant civil rights action without paying the $350.00 filing fee. According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This Court's records indicate that Plaintiff has filed numerous complaints and appeals, the following of which were dismissed prior to service of process as frivolous: Terrell v. Grady Mem'l Hosp., Civil Action No. 1:08-CV-3931-TWT

AO 72A
(Rev.8/82)

(N.D. Ga.); Terrell v. Fulton County, Civil Action No. 1:09-CV-513-TWT (N.D. Ga.); and Terrell v. Grady Mem'l Hosp., Appeal No. 09-130770D (11th Cir.).

Aside from his allegations of police misconduct, Plaintiff complains about general "injuries" that have gone without proper treatment and assaults against him while he was at the Fulton County Jail.  Past injuries do not create an imminent danger of serious physical injury. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (stating that past danger is not imminent).  Moreover, Plaintiff is no longer at the Fulton County Jail.  Thus, there is no indication that Plaintiff is "under imminent danger of serious physical injury."  Accordingly, leave for Plaintiff to proceed in forma pauperis is hereby **DENIED.**

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g).

2

AO 72A
(Rev.8/82)

The prisoner . . . must pay the filing fee at the time he initiates the suit." Dupree

v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

**IT IS THEREFORE ORDERED** that the instant action is hereby

**DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this **9** day of July , 2010.

Thomas W. Thrash

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)